IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAY HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| OPENLY, LLC and ROCK RIDGE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS OPENLY, LLC AND ROCK RIDGE INSURANCE COMPANY'S
NOTICE OF REMOVAL TO THE
UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA**

NOW COME **DEFENDANTS OPENLY, LLC AND ROCK RIDGE INSURANCE COMPANY** and, in accord with 28 U.S.C. §§ 1332, 1441, 1446, remove this action, filed in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, to the United States District Court for the Middle District of Alabama, Eastern Division. In support of this Notice of Removal, these Defendants state as follows:

A. PROCEDURAL BACKGROUND

1. This case concerns a coverage dispute arising from the Plaintiff's claim for roof damage that, the Plaintiff alleges, was caused by a hail and/or windstorm. The Complaint asserts claims for Breach of Contract (Count I), Bad Faith Failure To

Investigate (Count II) and Bad Faith Underpayment of Claim (Count III). Suit was filed by Plaintiff Jay Hudson on March 18, 2024 in the Circuit Court of Tallapoosa County, Alabama, Alexander City Division, Civil Action No. 70-CV-2024-900026. The documents attached as Exhibits "A" and "B" constitute all of the process and pleadings served, received and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2. Defendants were served with a copy of the Summons and Complaint on or about March 26, 2024. (See Ex. B).[1]

3. This Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5. Promptly after the filing of this Notice, Defendants are filing a copy with the Clerk of the Circuit Court of Tallapoosa County, Alabama, as required by 28 U.S.C. § 1446(d).

B. BASIS FOR FEDERAL JURISDICTION

6. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed

---

[1] Defendant Openly, LLC has not yet been served. By filing of this notice, service is waived.

by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. "[W]hen an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

7. Congress has empowered the federal courts to hear a case removed by a defendant from state to federal court if the plaintiff could have brought the claims in federal court originally. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The removing defendant bears the burden of showing that a district court has subject matter jurisdiction over an action. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996) Although the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear,[2] "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996).

8. These Defendants assert that subject matter jurisdiction exists under the diversity of citizenship statute, 28 U.S.C. § 1332(a), which provides that federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs."

---

[2] *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)

## C. DIVERSITY OF THE PARTIES

9. At the time of the commencement of this action and the time of this removal, Plaintiff Jay Hudson was and is a resident of the State of Alabama. (Ex. A, ¶ 1). Defendant says that Plaintiff Hudson intends to remain in Alabama, is domiciled in Alabama, and is therefore a citizen of the State of Alabama.

10. Defendant Openly LLC is a Delaware entity with a principal office at 131 Dartmouth Street, Third Floor, Boston, Massachusetts, 02116 (See, Ex. C, Annual Report). Openly LLC's members are citizens of Massachusetts, South Carolina and Connecticut (See, Ex. D1-D3, Citizenship Affidavits). Thus, Defendant Openly is a citizen of those states for purposes of diversity jurisdiction (See, *infra*).

11. Defendant Rock Ridge Insurance Company is incorporated under Indiana law, with a principal address of 5464 East County Road 350, North, Danville, Indiana, 46122 (See, Ex. E, Indiana Sec. of State).

12. In determining the citizenship of a limited liability company for diversity purposes, the citizenship of the company's members is determinative. The 11th Circuit provided the following in *Rolling Greens MHP, L.P. v. Comcast Holdings, L.L.C.*, 374 F.3d 1020 (11th Circuit 2004):

> "The Supreme Court has settled the law on how the citizenship of a limited partnership is determined for the purposes of diversity jurisdiction. In *Carden v. Arkona Assoc.*, 494 U.S. 185, 195 – 196, 110 S.Ct. 1015, 1021, 108 L.Ed.2d 157 (1990), the Supreme Court held that for purposes of diversity citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. In reaching this holding, the

Court noted the long-standing rule that the citizenship of an artificial, unincorporated entity generally depends on the citizenship of all the members composing the organization. *Carden*, 494 U.S. at 195-96, 110 S.Ct. at 1021. In applying this general rule to a limited partnership, rather than extending to it 28 U.S.C. § 1332(c)(1)'s statutory exception for corporations, it reasoned that Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations." *Carden*, 494 U.S. at 196-97, 110 S.Ct. at 1022.

This Circuit has not previously addressed the question of how to determine the citizenship of a limited liability company for diversity jurisdiction purposes. We do so now. The federal appellate courts that have answered this question have all answered it the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."

*Rolling Greens*, 374 F.3d at 1021-22. See also, *Payroll Mgmt. v. Lexington Ins. Co.*, 566 Fed. App'x. 796, 802 (11th Cir. 2014) (Limited Liability Companies . . . are "citizen(s) of any state of which a member of the company is a citizen"); See also, *Otoh v. Fannie Mae*, No. 23-12302, 2024 U.S. App. LEXIS 2975, at *7 (11th Cir. Feb. 8, 2024) ("An artificial entity other than a corporation generally has the citizenship of all its members.")

10. The parties identified above are all of the parties to this action and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

D. AMOUNT IN CONTROVERSY

11. The Complaint artfully dodges a commitment on amount in controversy, seeking "compensatory and punitive damages in an amount exceeding $50,000, plus attorney's fees and costs of Court." (Complaint, *ad damnum* clauses). The Complaint also

seeks "future loss of business income, diminution of property value, mental anguish, emotional distress." (Complaint, ¶36).

13. However, as set forth below, a roofing repair estimate for $126,511.35 (Ex. F) and a pre-suit settlement demand letter (Ex. G) in that same amount attaching the repair estimate provide a far more reasoned and objectively accurate assessment of the true amount in controversy. See, *Davis v. State Farm Fire & Cas. Co.*, 2021 U.S. Dist. LEXIS 191806 (S.D. Ala. 2021) (Amount in controversy satisfied where plaintiff sought more than $86,000 difference in repair estimate submitted to insurer and the estimate that insurer provided); See also, *Jones v. Safeco Ins. Co. of Am.*, 2008 U.S. Dist. LEXIS 135021 (S.D. Ala. 2008) (Finding that "[T]he amount in controversy on the breach of contract damages alone exceeds $75,000" based on a repair estimate of $91,573.02).

LEGAL STANDARD

14. To establish diversity jurisdiction, in addition to complete diversity of the Parties, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "[T]he district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction. Later changes to the pleadings do not impact the court's exercise of [federal] jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007).

15. As to amount in controversy, it has been stated that:

> "'the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy.' 28 U.S.C. § 1446(c)(2). But there is an exception:
>> (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
>>> (i) nonmonetary relief; or
>>> (ii) a money judgment, but the State court practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;[3] and [*3]
>> (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].
>
> *Capps v. Winn-Dixie Stores, Inc.*, No. 3:19-cv-00571-ALB-SMD, 2019 U.S. Dist. LEXIS 189838, at *2-3 (M.D. Ala. Nov. 1, 2019)

16.     "The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). District courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1066 (11th Cir. 2010). A defendant may submit a "wide range of evidence in order to satisfy the jurisdictional requirements of removal," including "their own affidavits, declarations, or other documentation." *Pretka*, 608 F.3d at 755.

17.     A removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka* at 754. The defendant may

---

[3] See, Ala. R. Civ. P. 54(c) (allowing a party to recover the damages to which it is entitled "even if the party has not demanded such relief in the party's pleadings.")

meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Roe* at 1061.

17.  If a plaintiff challenges the amount-in-controversy allegations in a defendant's notice of removal, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88, 135 S. Ct. 547, 135 S. Ct. 547, 190 L. Ed. 2d 495, 190 L. Ed. 2d 495 (2014).

18.  Diversity jurisdiction may also be established by "an amended pleading, motion, order, or other paper," if jurisdiction is not established by the initial pleadings. 28 U.S.C. § 1446(b). In *Lowery v. Ala. Power Co.*, the Eleventh Circuit Court of Appeals held that the district court must consider the document which indicates federal jurisdiction – "be it the initial complaint or a later received paper – and determine whether that document and the notice of removal unambiguously establish federal jurisdiction." 483 F.3d 1184, 1211 (11th Cir. 2007). A settlement demand falls within the "other paper" category of § 1446(b). *Addo v. Globe Life & Accident Ins. Co.*, 230 F. 3d 759 (5th Cir. 2000) cited by *Lowery*, 483 F. 3d at 1213, n.62. See also, *Golden Apple Management Co., Inc. v. GEAC Computers, Inc.* 990 F. Supp. 1364 (M.D. Ala. 1988).

ANALYSIS OF DAMAGES AT ISSUE

16. *The Repair Estimate and Demand Letter*: Here, the amount in controversy requirement is satisfied, standing alone, by the roofing repair estimate for $126,511.35 (Ex. F). Likewise, the pre-suit settlement demand letter (Ex. G) attaching the repair estimate makes a settlement demand in the same amount "minus any applicable deductible under the policy"[4] for "extensive wind and hail damage." It is also noted in the letter that the roofing repair estimate for $126,511.35 was prepared by a company hired by the Plaintiff, ATA Loss Consulting, LLC. See, *Davis and Jones*, *supra* (Amount in controversy satisfied based on amount of repair invoice).

17. A settlement demand letter will not alone establish that the amount in controversy exceeds $75,000, but "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). A settlement offer will only be entitled to additional weight when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim. *Golden Apple Mgmt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364 (M.D. Ala. 1998).

18. The repair estimate in the amount of $126,511.35, especially when coupled with the settlement demand letter in the same amount, provides such a reasonable assessment. As an initial matter, the estimate was prepared by the Plaintiff's designee and at the Plaintiff's behest. The Plaintiff represented to the Defendants through the

---

[4] The applicable deductible under the policy is $2,500.

settlement demand letter (Ex. G) that the amount of the repair estimate is what it would take to repair the alleged damage to their home. Even if the work contemplated by the estimate were completed at a *forty percent reduction* from the estimate amount, the value ($75,906), as completed at the reduced rate, would still exceed the jurisdictional amount.

19. *Other Elements of Damages*: While the estimate exceeds the jurisdictional amount by more than one and one-half times, the Complaint also seeks other damages. In that regard, the Complaint seeks "compensatory and punitive damages" as well as "future loss of business income, diminution of property value, mental anguish, emotional distress." (Complaint, ¶36). While the loss of income and diminution in value claims are too speculative, the mental anguish and punitive damages claims may be properly considered in determining amount in controversy. See, *Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012) ("[M]ental anguish and punitive damages claims count towards the amount-in-controversy calculation.")

20. *Punitive Damages*: When calculating the amount in controversy, punitive damages must be considered "unless it appears to a legal certainty that such an amount cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Regarding punitive damages, the relevant consideration is not the plaintiff's likelihood of winning on the merits of her claims, but rather the amount of punitive damages that the plaintiff reasonably could recover if her claims are successful. *Pretka*, 608 F.3d at 751. Applying that logic to this case, assuming that the Plaintiff, in addition

to recovering the repair estimate of $126,511.35, were successful in recovering punitive damages in the same amount on the bad faith claim(s), the recovery would be more than three times the jurisdictional limit. See, *Shepherd v. State Farm Fire & Cas. Co.*, 2012 U.S. Dist. LEXIS 105665 (N.D. Ala. July 30, 2012) (Based on "judicial experience and common sense," the district court determined that, if the bad faith claim was successful, a punitive award representing one to two times compensatory damages would be appropriate.)

16. To be clear, these Defendants deny that they are liable to the Plaintiff in any amount. But, these Defendants have demonstrated, by a preponderance of the evidence, that the amount in controversy well-exceeds $75,000. This is evidenced by the roofing repair estimate upon which the Plaintiff's pre-suit settlement demand was based as well as the other elements of damages sought in the Complaint.

### E. TIMELINESS

18. Defendants have thirty (30) days to remove this matter after receiving the document or information that establishes the basis for removal. 28 U.S.C. § 1446(b). Defendants have filed this Notice of Removal within thirty (30) days after receiving the plaintiff complaint, which established the basis for removal. 28 U.S.C. § 1446(b).

### F. CONCLUSION

19. Defendant has satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, these Defendants pray that the filing of this Notice of Removal, the filing of written notice to plaintiff, and the filing of a Notice of Removal with the Clerk of the Circuit Court of Tallapoosa County, Alabama, shall justify removal of this case to this Honorable Court.

                Respectfully submitted,

                /s/ D. Craig Allred
                D. CRAIG ALLRED (ASB-5118-D60A)
                *Attorney for Defendant*

OF COUNSEL:
HILL, HILL, CARTER, FRANCO,
 COLE & BLACK, P.C.
425 South Perry Street
Montgomery, Alabama 36104
Telephone: (334) 834-7600
E-Mail: callred@hillhillcarter.com

## CERTIFICATE OF SERVICE

I certify that this filing has been served upon all other parties.

Done this the April 19, 2024.

                /s/ D. Craig Allred
                D. CRAIG ALLRED (ASB-5118-D60A)