# EXHIBIT "A"

DOCUMENT 2

ELECTRONICALLY FILED
3/18/2024 4:51 PM
70-CV-2024-900026.00
CIRCUIT COURT OF
TALLAPOOSA COUNTY, ALABAMA
PATRICK CRADDOCK, CLERK

## IN THE CIRCUIT COURT OF TALLAPOOSA COUNTY, ALABAMA

| | |
|---|---|
| JAY HUDSON, | * |
| Plaintiff, | * |
| v. | *   CASE NO.: _____ |
| | * |
| OPENLY LLC AND ROCK RIDGE INSURANCE COMPANY, | * |
| Defendants. | * |

## COMPLAINT

COMES NOW, Jay Hudson, Plaintiff in the above-styled cause and files the following Complaint against Defendants Openly LLC and Rock Ridge Insurance Company:

1. Plaintiff Jay Hudson ("Mr. Hudson") is an adult resident of Alabama owning property at 1631 N Ridge, Alexander City, AL 35010 (the "Property").

2. Defendant Openly LLC ("Openly") is an insurance company located in Dallas, TX, doing business in Tallapoosa County, AL.

3. Defendant Rock Ridge Insurance Company ("Rock Ridge") is an insurance company located in Charlotte, NC, doing business in Tallapoosa County, AL.

4. At all relevant times, Openly and Rock Ridge provided a policy of insurance, number BQ01-XJROJL (the "Policy"), to Mr. Hudson, which covered the Property against perils including wind and provided the following coverages: guaranteed replacement up to $5 million for Dwelling; *inter alia*.

5. On or around March 18, 2022, the Property sustained significant wind and hail damage.

6. Mr. Hudson hired a roofer who inspected the Property and informed Mr. Hudson that repairs were required.

7. Mr. Hudson promptly reported the loss to Openly, who assigned it claim number HO-0005489 (the "Claim").

8. At the time of reporting the claim, Mr. Hudson was uncertain of the date on which the damage to the Property occurred because they were not present at the Property at the time of loss.

9. Openly then assigned a random and inaccurate date of loss for the Claim.

10. On or around July 26, 2022, Openly sent a field inspector to assess damage to the Property.

11. Openly's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Alabama's proof of loss requirements.

12. Openly (on behalf of Rock Ridge) denied the claim due to a random and erroneous date of loss that it assigned.

13. Openly (on behalf of Rock Ridge) also found no damages and allowed for no recovery.

14. As a result of Openly's and Rock Ridge's failure to timely and adequately compensate Mr. Hudson for his covered loss, he was forced to incur the expense of retaining counsel and other expenses to prosecute his claim.

15. Mr. Hudson's counsel retained ATA Loss Consulting, LLC ("ATA") to inspect the Property and value its wind and hail damage.

2

16. On or around August 19, 2022, ATA inspected the Property on behalf of Mr. Hudson and discovered extensive wind and hail damage to the Property totaling $126,112.35.

17. Shortly thereafter, Mr. Hudson's counsel submitted this estimate to Openly along with ATA's estimate and supporting documentation.

18. Supporting documentation included a hail report that documented hail at the Property from March 15-18, 2022.

19. Mr. Hudson's counsel asked Openly to change the random and erroneous date of loss accordingly to reflect the correct date of loss given the hail report.

20. Openly refused to alter its random and erroneous date of loss despite having set the date.

21. On or around March 12, 2024, Mr. Hudson's counsel sent a Notice of Claim and Formal Demand for Payment, once again along with ATA's estimate and supporting documentation.

22. To date, Openly and Rock Ridge have failed to make any additional payments as required by the Policy.

23. As a result of Openly's and Rock Ridge's failure to timely and adequately compensate Mr. Hudson for his substantial losses, the Property remains in a state of disrepair.

24. Upon information and belief, Openly conducted the investigation and claims handling for Mr. Hudson's claim in bad faith, as that term is used under Alabama law.

25. Upon information and belief, Openly's and Rock Ridge's failure to timely and adequately compensate Mr. Hudson for his loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

26. Mr. Hudson will incur additional expenses in repairing the Property as a result of Openly's and Rock Ridge's failure to timely compensate Mr. Hudson for his substantial and covered losses.

## COUNT ONE
### Breach of Contract

27. Plaintiff adopts and realleges the allegations set forth in paragraphs 1-26 of the Complaint as if set forth fully and completely herein.

28. Plaintiff has now suffered covered losses under the Policy.

29. Defendants Openly and Rock Ridge breached their contractual duties and failed to provide reasonable and adequate insurance coverage to Plaintiff by:

    a. Failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss; and

    b. Failing to conduct the claims handling for Plaintiff's claim in good faith and with fair dealing.

30. Defendants Openly and Rock Ridge breached their contract of insurance with the Plaintiff which has caused Plaintiff to suffer damage, including but not limited to the amounts owed under the contract of insurance that has not been paid to Plaintiff, lost income due to the delay in adjusting the claim, mental anguish and emotional distress.

WHEREFORE, the above premises considered, Plaintiff demands judgment against the Defendants Openly and Rock Ridge for compensatory damages exceeding $50,000, plus attorney's fees and costs of court.

## COUNT TWO
### Bad Faith/Failure to Investigate

31. Plaintiff adopts and realleges the allegations set forth in paragraphs 1-30 of the Complaint as if set forth fully and completely herein.

32. Defendants Openly and Rock Ridge engaged in the tort of bad faith by failing to investigate Plaintiff's claim for coverage in a reasonable manner prior to its refusal to provide Plaintiff adequate coverage for Property damages.

33. As a proximate result of Defendant Openly and Rock Ridge's bad faith conduct, Plaintiff continues to suffer damage, including but not limited to future loss of business income, diminution of property value, mental anguish, emotional distress, interest and attorney's fees.

WHEREFORE, the above premises considered, Plaintiff demands coverage against the Defendants Openly and Rock Ridge for compensatory and punitive damages in an amount exceeding $50,000, plus attorney's fees and costs of Court.

## COUNT THREE
### Bad Faith/Underpayment of Claim

34. Plaintiff adopts and realleges the allegations set forth in paragraphs 1-33 of the Complaint as if set forth fully and completely herein.

35. Defendants Openly and Rock Ridge failed to adequately compensate Plaintiff for benefits under the Policy. At the time of the denial, Openly and Rock Ridge did not have a debatable reason to underpay Plaintiff's claim and committed the tort of bad faith.

36. As a proximate result of Defendants Openly and Rock Ridge's bad faith conduct, Plaintiff continues to suffer damage, including but not limited to future loss of business income, diminution of property value, mental anguish, emotional distress, interest and attorney's fees.

WHEREFORE, the above premises considered, Plaintiff demands coverage against the Defendants Openly and Rock Ridge for compensatory and punitive damages exceeding $50,000, plus attorney's fees and costs of Court.

Respectfully submitted,

/s/ *Thomas H. Benton, Jr.*
THOMAS H. BENTON, JR. (BEN028)

OF COUNSEL:

Benton Law Firm, LLC
169 Dauphin Street, Suite 300
Mobile, AL 36602
(251) 604-1123 Direct Dial
tom@benton-law.com

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL BY CLERK:**

Openly LLC
131 Dartmouth Street
Boston, MA 02116

Rock Ridge Insurance Company
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104